Order Form (01/2005)

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2635 | **DATE** | April 26, 2012 |
| **CASE TITLE** | Darnell M. Smith (#B-08342) v. Gist Fleshman, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff having "struck out" pursuant to 28 U.S.C. § 1915(g), his motion for leave to proceed *in forma pauperis* [#3] is denied. Plaintiff must pay the full statutory filing fee of $350 within fourteen days of the date of this order. Failure to pay the $350 filing fee by this date will result in summary dismissal of this case. *See* Local Rule 3.3(e) (N.D. Ill).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, who is in state custody at the Western Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis*. He alleges that Gist Fleshman (the Appellate Clerk for the Third District Appellate Court of the State of Illinois) and two attorneys violated his rights based on adverse rulings issued in cases pending in Illinois state court. However, a review of this Court's docket reveals that Plaintiff is barred from proceeding without paying the full statutory filing fee in advance.

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions, all of which were filed while he was incarcerated or detained, have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Smith v. Blust*, Case No. 4:07 C 4087 (C.D. Ill.) (September 22, 2008) (Baker, J.); *Smith v. Algren*, Case No. 4:08 C 4035 (C.D. Ill.) (March 27, 2009) (Baker, J.); and *Smith v. Algren*, et al., Case No. 4:09 C 4050 (C.D. Ill.) (November 10, 2009) (Baker, J.). Plaintiff was notified that he had struck out in *Smith v. Algren,* App. No. 09-3854 (7th Cir., April 22, 2010). It appears that Plaintiff filed this same suit, or one containing substantially the same claims, in the Southern District of Illinois. That complaint was dismissed on March 27, 2012, in part because Plaintiff had "struck out." *See Smith v. Fleshman*, Case No. 12 C 213 (S.D. Ill., March 27, 2012) (Gilbert, J.).

The Plaintiff's current complaint might be susceptible to being read as asserting that he is in imminent
**(CONTINUED)**

|  | AWL |
|---|---|

| STATEMENT |
|---|

danger. For example, Plaintiff asserts that he is being "confined by force." Nevertheless, the allegations in the complaint are based on allegedly unconstitutional state court rulings. Neither the i.f.p. motion, nor the allegations in the complaint, contain any allegations that might support a conclusion that Plaintiff is in imminent danger of physical injury, serious or otherwise. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

For the foregoing reasons, the Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff fails to pay the $350 filing fee within fourteen days, the Court will enter judgment dismissing this case in its entirety. *See* Local Rule 3.3(e) (N.D. Ill).